1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:07-CR-00425-MCE

12              Plaintiff,

13        v.                                **ORDER**

14   JAMES E. JOHNSTON,

15              Defendant.

16

17        Defendant James E. Johnston ("Defendant") was convicted after a jury trial of

18   (1) one count of Conspiracy to Produce Visual Depictions of Minors Engaged in Sexually

19   Explicit Conduct in violation of 18 U.S.C. § 2251(c) and (e); (2) two counts of Receipt of

20   Visual Depictions of Minor Engaged in Sexually Explicit Conduct in violation of 18 U.S.C.

21   § 2252(a)(2); and (3) one count of Conspiracy to Travel with Intent to Engage in Illicit

22   Sexual Conduct in violation of 18 U.S.C. § 2423(b) and (e).[1]  He was sentenced on

23   February 20, 2013, to two hundred and ninety-three (293) months of imprisonment.

24   Presently before the Court is Defendant's Motion for Reduction of Sentence.  ECF No.

25   217.  This matter was referred to the Office of the Federal Defender, which subsequently

26   ///

27        _____

         [1] A conviction for one count of Possession of One or More Matters Containing Depictions of
28   Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. § 2252(a)(4)(B) was vacated on
     appeal.  ECF No. 214.

                                         1

filed a Supplement to that Motion.  ECF Nos. 219, 223.  The Government opposes

Defendant's request.  ECF No. 228.  For the reasons that follow, his Motion is DENIED.

Defendant contends that he should be released prior to his current anticipated

release date in July 2033 because he suffers from chronic medical conditions.  Def.

Supp., ECF No. 223, at 2-3.  More specifically, Defendant is 77 years old and "[f]or more

than 30 years . . . has suffered from atrial fibrillation and asthma."  Id. at 3.  "In addition,

he has Type II diabetes."  Id.  "Furthermore, Mr. Johnston suffers from Chronic

Obstructive Pulmonary Disease ('COPD') and chronic arthritis, combined with pain and

swelling in his left knee."[2]  Id.  "Mr. Johnston's diabetes has become severe enough that

he has to take insulin once a day."  Id.  "Some of the symptoms of COPD are shortness

of breath, wheezing, and a lack of energy."  Id.  Finally, "[i]n 2016, Mr. Johnston had to

have the aortic valve in his heart replaced with an artificial heart valve."  Id.  Though

these conditions are both serious and chronic, none of this is sufficient to warrant a

reduction in Defendant's sentence.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes

a final judgment' and may not be modified by a district court except in limited

circumstances."  Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original;

quoting 18 U.S.C. § 3582(b)).  Those circumstances are delineated in 18 U.S.C.

§ 3582(c).  "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C.

§ 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated

administrative procedures, to file a motion with the district court for compassionate

release."  Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020)

(citing 18 U.S.C. § 3582(c)(1)(A)).  That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.—
> The court may not modify a term of imprisonment once it has
> been imposed except that—
>
> (1) in any case—

---

[2] According to Defendant, a doctor has recommended a left knee replacement that has not yet taken place.

(A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction;

. . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5. "The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met:  (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement." Id. (footnote omitted).

The starting point for the policy statement referenced in the third prong is United States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

[T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--

(1)(A) Extraordinary and compelling reasons warrant the

3

reduction; or

(B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

Since Defendant was not sentenced pursuant to 18 U.S.C. § 3559(c), he is only "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

(A) Medical Condition of the Defendant.

(i) The defendant is **suffering from a terminal illness** (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a **serious physical or medical condition**,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing **deteriorating physical or mental health because of the aging process**,

that **substantially diminishes the ability of the defendant to provide self-care** within the environment of a correctional facility and from which he or she is not expected to recover.

4

1        (B) Age of the Defendant.

2                The defendant (i) is at least 65 years old; (ii) is
3        experiencing a serious deterioration in physical or
         mental health because of the aging process; and (iii)
4        **has served at least 10 years or 75 percent of his or
         her term of imprisonment, whichever is less**.

5   U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

6        Here, Defendant contends he suffers from serious physical or medical conditions

7   and/or that his conditions have deteriorated due to the aging process such that it has

8   substantially diminished his ability to provide self-care.[3]  He bears the burden of showing

9   he is consequently entitled to relief, United States v. Holden, 2020 WL 1673440, at *3

10  (D. Or. Apr. 6, 2020), and he has not met that burden here.

11       The record in this case undermines Defendant's position.  His medical conditions

12  were brought to this Court's attention at the time of sentencing and are of the type that

13  BOP facilities are capable of addressing.  See Presentence Investigation Report, ¶¶ 54-

14  55.  Defendant has not shown that, to the contrary, he is unable to adequately manage

15  and/or treat his medical conditions, especially given the care he has received in prison.

16  "To be faithful to the statutory language requiring 'extraordinary and compelling reasons,'

17  it is not enough that Defendant suffers from . . . chronic conditions that [he] is not

18  expected to recover from."  United States v. Weidenhamer, 2019 WL 6050264, at *5 (D.

19  Az. Nov. 8, 2019).  To that end, "[c]hronic conditions that can be managed in prison are

20  not a sufficient basis for compassionate release."  Id.

21       Regardless, there is nothing in the record to establish that Defendant's condition

22  has deteriorated to the point he is unable to care for himself.  Instead, the Court's review

23  of the record indicates Defendant is on regular duty status, is food service eligible, and

24  has a restriction only of no ladders and a lower bunk.  Gov. Opp., Ex. 1.  There is thus

25  ///

26  _____

27       [3] The Court is not convinced Defendant's conditions rise to the level of "terminal" as defined in the
    Guidelines and thus will not discuss that prong further.  Nor has Defendant served at least ten (10) years
28  of his 293-month sentence, such that his age and any serious deterioration in medical condition can justify
    release without consideration of Defendant's self-care capabilities.

1   no indication that self-care poses any challenge to Defendant despite his medical

2   conditions.

3        Defendant's Motion to Reduce Sentence (ECF No. 217) is DENIED.

4        IT IS SO ORDERED.

5   Dated:  April 30, 2020

6

7   MORRISON C. ENGLAND, JR.
    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28